UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KIM GORHAM-DIMAGGIO,

                                        Plaintiff,

            v.                                      1:05-cv-0583

COUNTRYWIDE HOME LOANS, INC,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.      INTRODUCTION

Plaintiff commenced the instant action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), contending that Defendant failed to make the proper disclosure required by the FDCPA.  Currently before the Court is Defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that: (1) because it is the creditor, the FDCPA is inapplicable; and (2) it did not attempt to collect a debt.

### II.     FACTS

The following facts are taken from Plaintiff's Amended Complaint and, for purposes of this motion, are assumed to be true.

Defendant Countrywide Home Loans, Inc. ("Countrywide") holds the mortgage on Plaintiff's home.  Plaintiff telephoned Countrywide to ascertain why it had not cashed a mortgage payment.  One of Defendant's representatives responded that Plaintiff's case was

with an attorney and that Countrywide was not accepting further payments from her.  Plaintiff

was then transferred to the "Loan Counseling Department."  Upon transfer, an automated

message stated "Welcome to the Loan Counseling Department.  Please be advised, we are

a debt collector."  Prior to this time, Plaintiff had never heard of, or done business with, the

Loan Counseling Department.

Plaintiff commenced the instant action claiming that Defendant violated the FDCPA

because, when she was transferred to the Loan Counseling Department, the recorded

message failed to indicate that any information obtained would be used for purposes of debt

collection.  Defendant now moves to dismiss.

## III.   STANDARD OF REVIEW

In ruling on a motion to dismiss, all inferences must be drawn in favor of the

nonmoving party.  Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 31 (2d

Cir. 2005).  The Complaint may be dismissed only if it appears beyond doubt that the plaintiff

can prove no set of facts in support of her claim that would entitle her to relief.  Id.

## IV.   DISCUSSION

The following excerpt from Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232,

235 (2d Cir. 1998), provides the necessary legal framework:

> The FDCPA prohibits "debt collector[s]" from using "any false, deceptive,
> or misleading representation or means in connection with the collection of
> any debt."  15 U.S.C. § 1692e.  A "debt collector" is defined as "any
> person who uses any instrumentality of interstate commerce or the mails
> in any business the principal purpose of which is the collection of any
> debts, or who regularly collects or attempts to collect, directly or indirectly,
> debts owed or due or asserted to be owed or due another."  15 U.S.C. §
> 1692a(6).
>
> As a general matter, creditors are not subject to the FDCPA.  However, a
> creditor becomes subject to the FDCPA if the creditor "in the process of

collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, "pretends to be someone else" or "uses a pseudonym or alias." <u>Villarreal v. Snow</u>, 1996 WL 473386 at *3 (N.D.Ill. Aug.19, 1996). Although a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, it should use the "name under which it usually transacts business, or a commonly-used acronym," Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50107 (1988), or any name that it has used from the inception of the credit relation, <u>see</u> <u>Dickenson v. Townside T.V. & Appliance, Inc.</u>, 770 F. Supp. 1122, 1128 (S.D. W.Va. 1990).

Similarly, a creditor's in-house collection division . . is not considered a debt collector "so long as [it uses] the creditor's true business name when collecting." S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698. An in-house collection unit will be exempt from the provisions of the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business. <u>See</u> <u>Kempf v. Famous Barr Co.</u>, 676 F.Supp. 937, 938 (E.D. Mo. 1988).

The Complaint must be dismissed because there is no allegation or indication that Defendant attempted to collect on a debt. Section 1692e applies to communications "in connection with the collection of any debt." Similarly § 1692e(11) requires a disclosure that "the debt collector is attempting to collect a debt." According to the Complaint, however, *Plaintiff contacted Defendant* to inquire why a mortgage payment check had not been cashed. Plaintiff then stated that she wanted to bring her mortgage current. Plaintiff was then transferred to the Loan Counseling Department. These allegations make it clear that Defendant was not "attempting to collect a debt" and that the communication *instituted by Plaintiff* was not "in connection with the collection of any debt." Rather, Defendant was merely responding to Plaintiff's inquiries as to how she could bring her mortgage current.

Although, perhaps, subtle, there is a distinction between "attempting to collect a debt" and responding to a consumer's voluntary inquiries how to bring a debt current.

Upon reviewing a large selection of cases discussing § 1692e(11), it appears that the purpose of § 1692 is to ensure that communications *initiated by the debt collector (*not the consumer) are not abusive, deceptive, or unfair.  See 15 U.S.C. § 1692; Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) ("The FDCPA was passed to protect consumers from deceptive or harassing *actions taken by debt collectors.*") (emphasis added); see also Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F.3d 56 (2d Cir. 2004) (notice sent by debt collector); Alibrandi v. Financial Outsourcing Services, Inc., 333 F.3d 82 (2d Cir. 2003) (same); Romea v. Heiberger & Associates, 163 F.3d 111 (2d Cir. 1998); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22 (2d Cir. 1989) (same); Emanuel v. American Credit Exchange, 870 F.2d 805 (2d Cir. 1989) (same).  Although the Court, admittedly, has not reviewed every FDCPA case in the country, it has reviewed a large amount of such cases and has not found a single case where a communication instituted by the consumer implicated § 1692e.[1]  Indeed, when the consumer initiates the communications, many of the policy reasons behind the FDCPA disappear.  See Kropelnicki, 290 F.3d at 127; 15 U.S.C. § 1692.

Moreover, taking into consideration the objective, least sophisticated consumer standard, the allegations in the Complaint lead to the inescapable conclusion that Countrywide is not a debt collector within the meaning of § 1692(a)(6).  As noted, a creditor is not a "debt collector" within § 1692(a)(6).  See Maguire, 147 F.3d at 235.  A creditor may

---

[1] The Court was unable to find (and Plaintiff has not identified) any cases discussing a situation where a communication initiated by the consumer implicated the FDCPA.

become a debt collector, however, if, in the process of collecting its own debts, it uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.  15 U.S.C. § 1692(a)(6); Maguire, 147 F.3d at 235.

Here, Defendant is not a debt collector because, as discussed, Defendant was not "in the process of collecting its own debts.  Further, Plaintiff called Defendant and, during the course of the phone call, was transferred to the "Loan Counseling Department."  Even the least sophisticated consumer would know that a "department" is a division of a larger business.  Nothing about the transfer of the telephone call indicates that a third person is collecting, or attempting to collect, a debt.  Thus, Defendant did not "in the process of collecting [its] own debts, use[] any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692(a)(6).

## V.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED.

IT IS SO ORDERED.

Dated:   August 30, 2005

Thomas J. McAvoy
Senior, U.S. District Judge